IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MANUEL VEGA AND SYLVIA VEGA § § | | |
| Plaintiffs § | | |
| § | | |
| v. § | | Civil Action No. 7:17-cv-00047 |
| § | | |
| LIBERTY INSURANCE CORPORATION § § | | |
| Defendant § | | |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant Liberty Insurance Corporation ("Liberty") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

*Procedural Background*

1. On January 12, 2017, Plaintiffs Manuel Vega and Sylvia Vega ("Plaintiffs") filed their Original Petition ("Original Petition") styled Cause No. C-0199-17-J, Manuel Vega and Sylvia Vega v. Liberty Insurance Corporation, in the 430th Judicial District Court of Hidalgo County, Texas. Liberty was served on January 19, 2017.

*Nature of the Suit*

2. This lawsuit involves a dispute over Defendant's alleged handling of Plaintiffs' insurance claims for extensive physical damage to Plaintiffs' property, located at 214 N. Cesar Chavez Rd., Edinburg, Texas 78542. Plaintiffs allege breach of the insurance contract, violations of the Texas Insurance Code, unfair insurance practices, violation of prompt payment of claims, breach of duty of good faith and fair dealing, and fraud. Plaintiffs currently seek

1

actual damages, exemplary damages, statutory damages, treble damages, attorneys' fees, pre- and post-judgment interest, and other litigation expenses and costs of court.

*Basis for Removal*

3.  Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties to the suit, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.  There is complete diversity of citizenship between the parties. Liberty is a company organized under the laws of the State of Illinois and its principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, at the time of filing of this suit, and through the filing of this Notice, Liberty was and is considered out-of-state citizen for diversity jurisdiction purposes.

5.  Upon information and belief, Plaintiffs were citizens of Texas when their Petition was filed, and continue to be citizens of Texas.[1]

6.  Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Regarding the amount in controversy, Plaintiffs' Original Petition states: "As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs counsel states that Plaintiff seeks monetary relief, the maximum of which is not more than $75,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury"[2]

7.  In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages,"[3] when the

---

[1] *See* Plaintiffs' Original Petition, ¶ 2.
[2] *See* Plaintiffs' Original Petition, ¶ 48.
[3] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Carrasquillo v. State Farm Lloyds,* 17 F.Supp.3d 584, 585 (W.D. Tex. 2013) (the amount sought by an insured in a state court first-party

insurer could be liable for those sums under state law. Here, Plaintiffs claim that a strong supercell thunderstorm caused extensive physical damage to their property that Plaintiffs insured through Liberty.[4] Plaintiffs further allege that Liberty breached the insurance contract when it refused to pay for the damages to Plaintiffs' property allegedly caused by the supercell thunderstorm.[5] Plaintiffs seek damages for breach of contract under their insurance contract,[6] Policy Number H37-298-247145-40. Policy Number H37-298-247145-40 is a LibertyGuard Deluxe Homeowner's Policy with coverage limits of $268,000 for the dwelling, $160,800 for personal property, and $53,600 for loss of use of the residence.

8.  Further, Plaintiffs seek actual, additional, and exemplary damages and statutory penalties for their claims of fraud and violations of the duty of good faith and fair dealing and the Texas Insurance Code.[7] Further, Plaintiffs seek treble damages under the Texas Insurance Code based on allegations Liberty acted "knowingly."[8] Plaintiffs also seek attorney fees.[9] Thus, given Plaintiffs' statement of the monetary relief they are seeking in this suit in his petition, the Policy involved in Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it

---

insurance suit exceeded $75,000, and thus insurer could remove action on basis of diversity of citizenship, even though the original complaint stated that the insured was seeking $74,855, where the insured also requested attorney fees, court costs, and additional damages allowed under state law); *Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[4] Plaintiffs' Original Petition, ¶ 8.
[5] Plaintiffs' Original Petition, ¶ 23-24.
[6] *Id* at ¶ 39.
[7] *See* Plaintiffs' Original Petition, ¶ 40-47.
[8] *Id*.
[9] *Id*.

is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

## *The Removal is Procedurally Correct*

9. Liberty was first served with the Original Petition in District Court on January 19, 2017. Therefore, Liberty filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

10. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

11. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filing in the state court action are attached to this Notice as Exhibit "A."

12. Pursuant to 28 U.S.C. §1446(d), promptly after Liberty files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

13. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for the 430th Judicial District Court of Hidalgo County, Texas, promptly after Liberty files this Notice.

WHEREFORE, Liberty requests that this action be removed from the 430th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

_____
David R. Stephens
Attorney in Charge
State Bar No. 19146100
Southern District Bar No. 21360
LINDOW ▪ STEPHENS ▪ TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com

Of Counsel:

Christiana Dijkman
State Bar No. 00783967
Southern District Bar No. 15565
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
cdijkman@lstlaw.com

*Counsel for Defendant Liberty Insurance Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendant's Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas, McAllen Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 16th day of February, 2017, addressed to those who do not receive notice from the Clerk of the Court.

Larry W. Lawrence, Jr.
Michael Lawrence
LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703

Dan Cartwright
Lory Sopchak
CARTWRIGHT LAW FIRM, LLP
1300 Post Oak Blvd., Suite 760
Houston, Texas 77056

_____
David R. Stephens