# EXHIBIT A

# REGISTER OF ACTIONS
## CASE NO. C-0199-17-J

| | | | | |
|---|---|---|---|---|
| Manuel Vega, Sylvia Vega VS. Liberty Insurance Corporation | § | | **Case Type:** | **Contract -** |
| | § | | | **Consumer/Commercial/Debt** |
| | § | | | **(OCA)** |
| | § | | Date Filed: | **01/12/2017** |
| | § | | Location: | **430th District Court** |

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Liberty Insurance Corporation** | **DAVID RAY STEPHENS** |
| | | *Retained* |
| | | 210-227-2200(W) |
| | | |
| | | Christiana Dijkman |
| | | *Retained* |
| | | 956-772-8160(W) |
| | | |
| | | DAVID RAY STEPHENS |
| | | *Retained* |
| | | 210-227-2200(W) |
| | | |
| **Plaintiff** | **Vega, Manuel** | Larry W. Lawrence, Jr. |
| | | *Retained* |
| | | 956-994-0057(W) |
| | | |
| **Plaintiff** | **Vega, Sylvia** | |

### EVENTS & ORDERS OF THE COURT

| | |
|---|---|
| | **OTHER EVENTS AND HEARINGS** |
| 01/12/2017 | **Original Petition (OCA)** |
| 01/17/2017 | **Citation By Certified Mail** |
| | Liberty Insurance Corporation        Served        01/19/2017 |
| | Returned        01/19/2017 |
| 01/17/2017 | **Citation Issued** |
| 01/30/2017 | **Answer** |
| | *AND REQUEST FOR DISCLOSURE* |

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Liberty Insurance Corporation | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 02/14/2017** | | | **0.00** |
| | | | | |
| 01/31/2017 | Transaction Assessment | | | 2.00 |
| 01/31/2017 | EFile Payments from TexFile | Receipt # DC-2017-007936 | Liberty Insurance Corporation | (2.00) |
| | | | | |
| | **Plaintiff** Vega, Manuel | | | |
| | Total Financial Assessment | | | 438.00 |
| | Total Payments and Credits | | | 438.00 |
| | **Balance Due as of 02/14/2017** | | | **0.00** |
| | | | | |
| 01/13/2017 | Transaction Assessment | | | 438.00 |
| 01/13/2017 | EFile Payments from TexFile | Receipt # DC-2017-003222 | Vega, Manuel | (438.00) |

C-0199-17-J

# LAWRENCE LAW FIRM
### *A Professional Corporation*

3112 Windsor Rd. #A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 fax

January 12, 2017

***Via E-File***
Laura Hinojosa, District Clerk
100 N. Closner
P.O. Box 87
Edinburg, Texas 78539

> RE:   **NEW FILING:** *Manuel Vega and Sylvia Vega v. Liberty Insurance Corporation*

Dear District Clerk:

By this letter, we kindly ask that you file the enclosed petition with request for a jury, and that you please prepare one citation and serve it by certified mail RRR for the following defendant:

> a.  Defendant Liberty Insurance Corporation is an Illinois Corporation engaging in the business of insurance in the State of Texas.  The defendant may be served with process by serving its registered agent for the State of Texas: Corporation Service Company, 211 East 7th Street, Austin, Texas 78701.

If you have any questions, please feel free to contact me directly at 956-792-6286.  Thank you.

Warmest Regards,

/s/ Michael A. Lawrence

LARRY W. LAWRENCE, JR.
MICHAEL A. LAWRENCE

# CIVIL CASE INFORMATION SHEET

| | |
|---|---|
| CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ | COURT *(FOR CLERK USE ONLY)*: _____ |

**C-0199-17-J**

STYLED MANUEL VEGA AND SYLVIA VEGA V. LIBERTY INSURANCE CORPORATION

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Michael A. Lawrence | Email:<br>lawrencefirm@gmail.com | Plaintiff(s)/Petitioner(s):<br><br>Manuel Vega and Sylvia Vega<br><br>_____ | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br>3112 Windsor Rd., Suite A234 | Telephone:<br>956-994-0057 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Austin, Texas 78703 | Fax:<br>800-507-4152 | Defendant(s)/Respondent(s):<br><br>Liberty Insurance Corporation<br><br>_____ | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: | State Bar No:<br>24055826 | | Presumed Father:<br><br>_____ |
| _____ | | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>_____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| *Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☒Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br><br>_____ | ☐Other Professional<br>  Liability:<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>  List Product:<br><br>_____ | | | **Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | ☐Other Injury or Damage:<br><br>_____ | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: _____ | ☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: _____ | ☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child:<br><br>_____ |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br><br>_____ | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |
| **Tax** | *Probate & Mental Health* | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

**C-0199-17-J**

Rev 2/13

Electronically Filed
2/2/2017 3:53:35 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

CAUSE NO. **C-0199-17-J** _____

| | | |
|---|---|---|
| MANUEL VEGA AND | § | IN THE DISTRICT COURT |
| SYLVIA VEGA | § | |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION | § | |
| *Defendant* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MANUEL VEGA AND SYLVIA VEGA,** complaining of **LIBERTY INSURANCE CORPORATION,** and for cause of action would show:

### I. DISCOVERY

1.  This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2.  Plaintiffs are residents of Hidalgo County, Texas.

3. Defendant Liberty Insurance Corporation is an Illinois Corporation engaging in the business of insurance in the State of Texas.  The defendant may be served with process by serving its registered agent for the State of Texas: Corporation Service Company, 211 East 7th Street, Austin, Texas 78701.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.  The court has jurisdiction over Defendant Liberty Insurance Corporation (hereinafter "Liberty") because it is engaging in the business of insurance in the State of Texas.  Venue is proper in this county because the insured property is situated in Hidalgo County, Texas.  Tex. Civ. Prac. & Rem. Code § 15.032.

Electronically Filed
2/2/2017 3:53:35 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-0199-17-J**

## IV. FACTS

5.  Plaintiffs are the owners of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Liberty.

6.  Plaintiffs own the insured property, located at 214 N Cesar Chavez Road, Edinburg, Texas 78542 (hereinafter referred to as "the Property").

7.  Liberty sold the Policy insuring the property to Plaintiffs.

8.  On or about March 26, 2015, Plaintiffs sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of March 26, 2015, a strong supercell thunderstorm moved through the Edinburg, Texas area producing heavy rains, and damaging wind and hail.

9.  Plaintiffs submitted claims to the Defendant against the policy for damages to the Property as a result of the March 26, 2015 storm.  Plaintiffs requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiffs reported the damage to the covered Property to the Defendant Liberty. The Defendant wrongfully denied Plaintiffs' claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiffs.  Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiffs have with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the property.  As a result, Plaintiffs have not been paid the full value of the damages suffered to their home.

12. Defendant Liberty failed to perform its contractual duties to adequately compensate

Electronically Filed
2/16/2017 3:53:35 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-0199-17-J**

Plaintiffs under the terms of the policy.  In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Liberty has categorically refused to pay the full proceeds available under the policy.  Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiffs.  Defendant Liberty's conduct constitutes a breach of the insurance contract between Plaintiffs and Defendant.

13. Defendant Liberty has misrepresented to Plaintiffs there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full.  Defendant Liberty's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant Liberty's failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy.  Defendant Liberty's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant Liberty's failed to adequately explain to Plaintiffs the reasons for its offer of an inadequate settlement.  Specifically, Defendant Liberty failed to offer Plaintiffs adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Liberty did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendant Liberty's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

16. Defendant Liberty's refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant Liberty failed to conduct a reasonable investigation. Specifically,

Electronically Filed
2/2/2017 3:53:35 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-0199-17-J**

Defendant Liberty performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant Liberty's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant Liberty failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  Tex Ins. Code §542.056.

18. Defendant Liberty failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiff has not received full payment for their claim. Defendant Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  Tex. Ins. Code §542.058.

19. Since the date Plaintiffs presented their claim to Defendant Liberty, the liability of Defendant Liberty to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant Liberty has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant Liberty knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiffs.

21. As a result of Defendant Liberty's wrongful acts and omissions, Plaintiffs were

Electronically Filed
1/2/2017 3:53:35 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-0199-17-J**

forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Liberty

22. Defendant Liberty is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant Liberty's conduct constitutes a breach of the insurance contract made between Defendant Liberty and Plaintiffs.

24. Defendant Liberty's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Liberty's insurance contract with Plaintiffs.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a).  All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Farmer's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

27. Defendant Liberty's unfair settlement practice, as described above, of failing to

Electronically Filed
2/2/2017 3:53:35 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-0199-17-J

attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Liberty's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

28. Defendant Liberty's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

## Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

29. Defendant Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant Liberty's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

## Breach of the Duty of Good Faith and Fair Dealing

31. Defendant Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant Liberty's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Liberty knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear,

Electronically Filed
3/2/2017 3:53:35 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-0199-17-J**

constitutes a breach of the duty of good faith and fair dealing.

## Fraud

33.  Defendant Liberty is liable to Plaintiffs for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant Liberty knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VI. DAMAGES

37. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant Liberty's mishandling of Plaintiffs' claim in violation of the laws set forth above.

39. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain,

Electronically Filed
2/2/2017 3:53:35 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-0199-17-J**

which is the amount of their claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include their past and future medical expenses,

Electronically Filed
2/2/2017 3:53:35 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-0199-17-J**

that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages.  Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is not more than $75,000.00.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

49. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Plaintiff's 1st Requests for Production to Defendant Liberty

50. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc.  If you make claim of privilege

Electronically Filed
2/2/2017 3:53:35 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-0199-17-J**

for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

51. Please produce all non-privileged emails and other forms of communication between Liberty, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

52. Produce any complete file (excluding all privileged portions) in Liberty's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in Plaintiff's Original Petition, relating to or arising out of any claim for damages which Liberty opened a claim under any policy.  Please produce a privilege log for any portions withheld on a claim of privilege.

53. Produce the complete claim or adjusting file for Plaintiff's property.  Please produce a privilege log for any portions withheld on a claim of privilege.

54. Produce all emails and other forms of communication between Liberty and and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.  This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in Liberty's possession.  Please produce a privilege log for any items withheld on a claim of privilege.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the

Electronically Filed
1/12/2017 3:53:35 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-0199-17-J**

Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they will show themselves justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)

Mr. Dan Cartwright
State Bar No. 03942500

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFFS

Electronically Filed
7/20/14 8:13:50 AM
Hidalgo County District Clerks
Reviewed By: Noel Cruz

# LAURA HINOJOSA

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents that need to be served as stated on your issued service.

Please note, the link you are about to open is a "live link" notification.  Please ensure you are printing the service which includes our clerk's signature and the State Seal.  If you are opening a document without the official certifications (signature and seal) please close the window until the document is processed accordingly.  This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you.  Please contact our office if you have any questions or require additional information.

Sincerely,

Laura Hinojosa

Laura Hinojosa
Hidalgo County District Clerk

P.O. BOX 87 EDINBURG, TEXAS 78540   districtclerk@co.hidalgo.tx.us   OFFICE (956) 318-2200  FAX (956) 318-2251

| Nilda VanHook | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Oneida Lamas | Stephanie Palacios | Aida Villarreal |
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | DEPUTY DISTRICT CLERK SUPERVISOR | BUDGET & PROCUREMENT OFFICER | CHIEF OF APPEALS |

**C-0199-17-J**
**430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

_____

**CITATION**

_____

**THE STATE TEXAS**

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**Liberty Insurance Corporation**
**Registered Agent: Corporation Service Company**
**211 East 7th Street**
**Austin, Texas 78701**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 430th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 12th day of January, 2017 and a copy of same accompanies this citation.  The file number and style of said suit being, **C-0199-17-J, MANUEL VEGA, SYLVIA VEGA VS. LIBERTY INSURANCE CORPORATION**

Said Petition was filed in said court by Attorney Larry W. Lawrence, Jr., 3112 Windsor RD STE A234  Austin TX  78703.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 17th day of January, 2017.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**NOEL CRUZ DEPUTY CLERK**

**CERTIFIED MAIL  92148901066154000101203320**

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 17th day of January, 2017 I, Noel Cruz, Deputy Clerk of the 430th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-0199-17-J, Manuel Vega, Sylvia Vega  VS.  Liberty Insurance Corporation a copy of the citation along with a copy of the petition by certified mail return receipt requested.  Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 17th day of January, 2017.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**


_____
**NOEL CRUZ, DEPUTY CLERK**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
9/30/2017 2:31:27 PM
Hidalgo County District Clerks
Reviewed By: Timothy Ramirez

## CAUSE NO. C-0199-17-J

| | | |
|---|---|---|
| **MANUEL VEGA AND** | § | **IN THE DISTRICT COURT** |
| **SYLVIA VEGA,** | § | |
|     **Plaintiffs** | § | |
| | § | |
| **v.** | § | **430th JUDICIAL DISTRICT** |
| | § | |
| **LIBERTY INSURANCE** | § | |
| **CORPORATION,** | § | |
|     **Defendant** | § | **HIDALGO COUNTY, TEXAS** |

## DEFENDANT LIBERTY INSURANCE CORPORATION'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

NOW COMES Defendant Liberty Insurance Corporation and files its Original Answer, and would respectfully show as follows:

### I.

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.

Defendant reserves the right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss.

### III.

Pursuant to Texas Rules of Civil Procedure, Plaintiffs are requested to disclose and serve, within thirty (30) days of service of the Request, the information or material described in Rule 194.2(a) - (l).  Plaintiffs shall supplement all disclosures pursuant to TEX. R. CIV. P. 193.5.

Electronically Filed
9/30/2017 2:31:27 PM
Hidalgo County District Clerks
Reviewed By: Timothy Ramirez

**IV.**

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
Christiana Dijkman
State Bar No. 00783967
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cdijkman@lstlaw.com

*Counsel for Defendant Liberty Insurance Corporation*

2

Electronically Filed
1/30/2017 2:31:27 PM
Hidalgo County District Clerks
Reviewed By: Timothy Ramirez

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Liberty Insurance Corporation's Original Answer and Request for Disclosure was served by facsimile and/or electronic service on the 30th day of January, 2017, upon the following counsel of record:

Larry W. Lawrence, Jr.
Michael Lawrence
LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703

Lory Sopchak
Dan Cartwright
CARTWRIGHT LAW FIRM, LLP
1300 Post Oak Blvd., Suite 760
Houston, Texas 77056

_____
Christiana Dijkman